Guiseppe DiTommaso, Appellant, *v.* East Coast Coaling Co., Inc., Respondent.

First Department, May 1, 1925.

**Ships and shipping — action to recover for injuries suffered by plaintiff while working on vessel which was being loaded with coal — rope with which plaintiff was trying to move coal chute broke and he fell into open hatch — plaintiff elected to try case on theory of violation of common-law duty of defendant to furnish safe place to work — no liability shown on that theory or under Employers' Liability Law, § 2.**

In an action to recover damages for injuries suffered by the plaintiff while working on a vessel in which it appears that a rope with which the plaintiff was trying to move a coal chute broke and the plaintiff fell into an open hatch, the plaintiff cannot recover, on the theory on which he elected to base his cause of action at the trial, of a violation of the common-law duty of the defendant as an employer to furnish the plaintiff with a reasonably safe place to work, for the question whether or not a safe place to work was offered the plaintiff was not raised by any evidence which plaintiff produced to indicate that the place was unsafe, nor was there any proof offered from which it could be found that the appliances furnished were insufficient, unsafe or unsuitable for the work. The employment of a rope with which to move the coal chutes on the vessel was a mere detail of the work confided to the foreman and his neglect would be that of a fellow-servant.

It cannot be urged on appeal that the action lies under section 2 of the Employers' Liability Law, since the plaintiff elected to try the case on the theory of the common-law liability of the defendant, and furthermore, if it were possible to urge that contention on appeal, it must be held that the evidence does not show liability under the Employers' Liability Law.

Appeal by the plaintiff, Guiseppe DiTommaso, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of April, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of March, 1924, denying plaintiff's motion for a new trial made upon the minutes.

*Manley J. Greenwald* [*Martin E. Burke* of counsel], for the appellant.

*James B. Henney* [*Theodore H. Lord* of counsel], for the respondent.

McAvoy, J.:

On March 29, 1921, while working on a vessel which was being loaded with coal plaintiff was directed to move a coal chute and was pulling a rope attached to the chute on its side and lower end when the rope broke where it was fastened to the chute causing plaintiff to fall backward into the open hatch. The rope was fastened through the iron chute so that lumps of coal sliding down the chute came

into contact with it, and it is claimed that this constant friction of the sliding coal weakened the rope and caused it to break when the strain of pulling was put upon it. It was claimed, too, by plaintiff that the usual and customary method of fastening ropes to coal chutes for the purpose of moving them from one place to another was by means of what are called steel shackles, and it is contended that if shackles had been used to clamp the rope to the chute the coal would not have come into contact with the rope, and it would thus have been protected against the friction which caused its weakening. It was contended, besides, that it was the custom of others engaged in the same business, and also of the defendant to use such shackles, and that shackles were not used in this instance because of the failure of the defendant to supply them.

While the complaint was drawn on the theories of negligence of the defendant, because (1) it failed to prepare and adequately instruct plaintiff and warn him of the danger in connection with the work; and (2) in furnishing plaintiff defective ways, works and plants; and (3) in failing to provide plaintiff with a safe and proper place and with proper and suitable means to do the work; and (4) in failing to provide a competent superintendent to supervise and control the condition of the work; and although there is pleaded an allegation that plaintiff caused to be duly served on the defendant a notice in writing in accordance with the requirements of section 201 of the Labor Law (as amd. by Laws of 1910, chap. 352), commonly known as the Employers' Liability Act, which was re-enacted by section 3 of the Employers' Liability Law, yet the case was tried on plaintiff's counsel's election made at the trial to base his cause of action upon the common-law duty of defendant as employer to furnish plaintiff with a reasonably safe place to work. Notwithstanding this apparent election, which it must be admitted was somewhat confused in the colloquy between the court and counsel, the trial justice sent the case to the jury not only upon this alleged violation of the defendant's common-law duty to supply his employee with a safe place to work, but also indicated in his charge that the jury might find for the plaintiff if they concluded that the defendant had failed to supply the plaintiff with proper, sufficient and safe appliances with which to do the work. Besides, the learned trial court read section 2 of the Employers' Liability Law, although he directed the jury that this action was not based upon nor submitted to them as coming within that act. We conclude, however, on the evidence presented that on none of these theories was plaintiff entitled to a submission of his case to the jury.

38

First Department, May, 1925. [Vol. 212

The question of whether or not a safe place to work was offered the plaintiff was not raised by any evidence which plaintiff produced to indicate that the place was unsafe. Nor was there any proof offered from which it could be found that the appliances furnished to the plaintiff employee were insufficient, unsafe or unsuitable for the work to be done. The employment of a rope with which to move about the coal chutes used on the vessel, which was either not properly secured to the chute or so secured as to bring about a weakening of its strength, was a mere detail of the work which was confided to the foreman, and his neglect, if neglect there was, to employ shackles to protect the rope was that of a fellow-servant for which the master would not be responsible at common law.

It cannot now be urged that the action lies under section 2 of the Employers' Liability Law, because that was excluded from the grounds of liability by the plaintiff's election to proceed upon the theory that the defendant had failed to supply his employee with a safe place in which to work. Nor does the evidence indicate that the injury was caused to the employee " by reason of any defect in the condition of the ways, works, machinery, or plant, connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works, machinery, or plant, were in proper condition," which would bring the cause within the statute covering employer's liability. Because of these considerations, namely, that there was no proof that the employer did not supply the plaintiff employee with a safe place in which to work or safe appliances with which to do the work, and since no liability was imposed in this case by reason of any provisions of the Employers' Liability Law, the complaint should have been dismissed and the plaintiff, therefore, is not legally aggrieved by the judgment rendered in this case for the defendant.

The judgment and order appealed from should be affirmed, with costs.

Clarke, P. J., Dowling, Finch and Martin, JJ., concur.

Judgment and order affirmed, with costs.